UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-33 |
| | § | |
| CATHOLIC SOCIETY OF RELIGIOUS AND | § | |
| LITERARY EDUCATION DOING | § | |
| BUSINESS AS JESUITS OF THE NEW | § | |
| ORLEANS PROVINCE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered Defendants Catholic Society of Religious and Literary Education d/b/a New Orleans Province of the Society of Jesus and Very Reverend Mark A. Lewis's motion to transfer venue to the Houston Division pursuant to 28 U.S.C. § 1404. (D.E. 3.) For the reasons set forth below, Defendants' motion to transfer venue is hereby GRANTED, and this case is hereby transferred, pursuant to 28 U.S.C. § 1404, to the United States District Court for the Southern District of Texas, Houston Division.

### I. Jurisdiction

This Court has federal diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332, because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of costs and interests.

### II. Factual Background

In the early 1980s, Plaintiff John Doe attended Strake Jesuit College Preparatory ("Strake Jesuit"), a Jesuit high school located in Houston, Texas. (D.E. 10, p. 5.) Defendant Glen Beeler was employed by Strake Jesuit as an educator and jazz band director. (D.E. 10, p. 4.) Plaintiff

asserts that Beeler was also an employee of Jesuits of the New Orleans Province, and should have been under the control of Provincial Superiors, including Defendant Reverend Mark A. Lewis. (D.E. 10, p. 7)

Plaintiff alleges that from the fall of 1981 through the spring of 1983, Defendant Beeler sexually abused him. (D.E. 10, p. 5.) The alleged abuse took place in Plaintiff's home, while his parents were away, and in Beeler's home. (D.E. 10, p. 5.)

### III.   Procedural Background

On February 20, 2009, Plaintiff John Doe, a resident of Savannah, Georgia, sued the following Defendants: 1) Catholic Society of Religious and Literary Education d/b/a Jesuits of the New Orleans Province, a Louisiana corporation, and a province of a religious order of the Roman Catholic Church; 2) Very Reverend Mark A. Lewis, S.J., his Predecessors and Successors, domiciled in Orleans Civil Parish, Louisiana; and 3) Glen Herbert Beeler, Jr., a resident of the Texas Department of Corrections in Rosharon, Texas. (D.E. 1.) Plaintiff later amended his Complaint to include 4) Strake Jesuit College Preparatory, Inc., located in Houston, Texas. (D.E. 10.)

Plaintiff sued all Defendants on the grounds of conspiracy, fraud, and concealment. (D.E. 10) Further, Plaintiff sued Jesuits of New Orleans and Strake Jesuit for negligence in employing Beeler, failing to warn Plaintiff and his family, and assuming the risk of intentional or criminal conduct. (Id.) Plaintiff alleges that Jesuits of New Orleans and Strake Jesuit failed to report Beeler as a suspected child abuser as required by law and claims that Jesuits of New Orleans and Strake Jesuit intentionally inflicted emotional distress on Plaintiff. (Id.) Also according to Plaintiff, Jesuits of New Orleans and Strake Jesuit breached their fiduciary duties by failing to disclose Beeler's criminal activities and fraudulently concealing these activities. (D.E. 10, p. 14.)

Plaintiff pleads vicarious liability under the doctrine of respondeat superior in that Jesuits of New Orleans and Strake Jesuit knew or should have known that Beeler would engage in illegal acts. (Id. at 14.)  Further, Plaintiff alleges that Jesuits of New Orleans and Strake Jesuit negligently misrepresented that Beeler was not sexually dangerous. (Id. at 15-16.)  Finally, Plaintiff sues Jesuits of New Orleans and Strake Jesuit for gross negligence, fraud, and malice. (Id. at 16.)

Plaintiff seeks damages for past and future medical expenses, past and future pain and suffering, loss of earnings and earning capacity totaling $4 million. (Id. at 19.) Further, Plaintiff seeks $8 million in punitive and exemplary damages, and pre- and post-judgment interest. (Id. at 20.)

Plaintiff sued Defendants in the Southern District of Texas, Corpus Christi Division, claiming that "all or a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas." (D.E. 10, p. 2.)  On March 16, 2009, Defendants Catholic Society of Religious and Literary Education d/b/a New Orleans Province of the Society of Jesus and Father Mark A. Lewis, S.J. brought this Motion to Transfer Venue to Houston Division of the Southern District of Texas. (D.E. 3.)

### III.   Applicable Law

#### A.   Standard for Motion to Transfer Venue under 28 U.S.C. § 1404

A district court may transfer venue of a case to another Division in which the case might have been brought "[f]or the convenience of the parties and witnesses, in the interest of justice," or "upon motion … in the discretion of the court." 28 U.S.C. § 1404.  "There can be no question but that the district courts have broad discretion in deciding whether to order a transfer." In re Volkswagen of America, Inc., 545 F.3d 304, 311 (5th Cir. 2008).  "The decision to transfer a

case between divisions lies completely within the discretion of the Court." Tingey v. City of Sugar Land, Texas, 2007 WL 2086672 (S.D. Tex. 2007) citing Peteet v. Dow Chem. Co., 868 F.2d 1428, 1436 (5th Cir. 1989)

"When determining whether a case should be transferred to another division within the same district, the court should consider the following factors: 'the availability and convenience of witnesses and parties; the location of counsel; the location of evidence; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if transfer is granted; and the traditional deference accorded to plaintiff's choice of forum.'" Tingey v. City of Sugar Land, Texas, 2007 WL 2086672 (S.D. Tex. 2007), citing Lowery v. University of Houston-Clear Lake, 50 F.Supp.2d 648, 649 (S.D. Tex. 1994); Hupp v. Siroflex of America, Inc., 848 F.Supp. 744, 749 (S.D. Tex. 1994).

### B. This case could have been brought in the Houston Division of the Southern District of Texas

The threshold question under 28 U.S.C. § 1404(a) is whether the case "might have been brought" in the Houston Division of the Southern District of Texas. In re Horseshoe Entertainment, 337 F.3d 429, 433 (5th Cir. 2003); see also In re Volkswagen AG, 371 F.3d 201, 202 (5th Cir. 2004) ("[T]he first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.") None of the parties dispute that venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(a)(2). (D.E. 1, p. 2; D.E. 3, p. 4.)  28 U.S.C. § 1391(a)(2) "speaks in terms of districts[,] not divisions." Says v. M/V David C Devall, 161 F.Supp.2d 752, 753 (S.D. Tex. 2001) (emphasis omitted).  Therefore, if venue is proper in one division of the Southern District of Texas, then it is proper in any other division in the Southern District of Texas. Says v. M/V David C Devall, 161 F.Supp.2d 752, 753 (S.D. Tex. 2001) ("Thus, if venue is proper in the

Houston Division of the Southern District of Texas it is *ipso facto* proper in the Galveston Division – as well as in the Divisions of Corpus Christi, Victoria, Brownsville, McAllen and Laredo.")

### C. The factors to consider in determining whether this case should be transferred to the Houston Division weigh in favor of transferring the case

The events giving rise to this lawsuit all occurred in Houston, Texas.  Plaintiff alleges that Beeler "seduc[ed]" him in Beeler's office at Strake Jesuit, in Houston. (D.E. 10, p. 5.)  Later, according to Plaintiff, Beeler sexually abused him at Plaintiff's home in Houston.[1] (D.E. 10, p. 5.)  Further, counsel for Plaintiff, counsel for Catholic Society of Religious and Literary Education, and counsel for Reverend Mark Lewis are all located in Houston.[2]

Not only is Houston the location of the alleged wrong, and the location of counsel for both sides, but Plaintiff gives no indication that this case has any connection at all to Corpus Christi, Texas.  Plaintiff himself is a resident of Savannah, Georgia. (D.E. 1, p. 2.)  Defendant Catholic Society of Religious and Literary Education is a Louisiana Corporation.  (Id.)  Defendant Reverend Lewis is domiciled in Louisiana. (Id.)  Defendant Glen Beeler currently resides in the Texas Department of Corrections in Rosharon, Brazoria County, Texas.  (Id.)  There is no evidence that the Corpus Christi Division would be more convenient than the Houston Division with respect to the witnesses, parties, or evidence.

The factor that could potentially lean in favor of not transferring this case to the Houston Division is the traditional deference accorded to Plaintiff's choice of forum. Tingey v. City of Sugar Land, Texas, 2007 WL 2086672 (S.D. Tex. 2007)  Plaintiff, in his response to Defendants' motion to transfer this case, alleges that transferring this case to Houston would "embarrass" Plaintiff because Plaintiff knows people in Houston, having grown up there.  (D.E. 15, p. 4.)

---

[1] Plaintiff also contends that Beeler abused him at Beeler's home, the exact location of which is unknown.
[2] No other parties are represented by counsel yet.

Further, Plaintiff contends that Defendants would receive an "advantage" were this case tried in Houston, because of Defendants' "strong ties and connections" to the area. (D.E. 15, p. 5.) However, Plaintiff does not present evidence of these concerns. Further, "[t]here is a local interest in having localized controversies decided at home." Koehring Co. v. Hyde Const. Co., 324 F.2d 295, 296 (5th Cir. 1963.) Moreover, Plaintiff has requested a jury in this case, and "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." Id. Upon careful consideration, the Court finds that these concerns do not outweigh the other factors this Court must consider under 28 U.S.C. 1404. "[W]here, as here, n[o] party resides in [Corpus Christi], and the location of the defendants, witnesses, and evidence, as well as the locus of operative facts, all point to a different venue, the plaintiff's original choice of forum is entitled to little weight." Martinez v. City of Fort Worth, Texas, 2003 WL 21289654, at *2 (N.D. Tex. 2003) (citations omitted). See also Greiner v. American Motor Sales Corp., 645 F.Supp. 277, 279 (E.D. Tex. 1986) ("[W]here none of the operative facts occur within the forum of plaintiff's original selection, his choice is entitled to only minimal consideration.") Therefore, this case should be transferred to the Houston Division of the Southern District of Texas.

**V.     Conclusion**

For the reasons set forth above, the Court hereby GRANTS Defendants' motion to transfer venue. (D.E. 3.) The Court hereby TRANSFERS this case, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of Texas, Houston Division.

SIGNED and ORDERED this 9th day of April, 2009.

_____
Janis Graham Jack
United States District Judge