**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JOHN DOE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-09-1059 |
| § | |
| § | |
| CATHOLIC SOCIETY OF RELIGIOUS § | |
| and LITERARY EDUCATION, d/b/a, § | |
| JESUITS OF THE NEW ORLEANS § | |
| PROVINCE, *et al.,* § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

This is a suit by a former student against Strake Jesuit College Preparatory school in Houston, the Jesuits of the New Orleans Province, and Rev. Mark Lewis, the head of the Province. The student alleges he was raped by a layperson hired as a music teacher at Strake Jesuit. Currently in dispute are the depositions of four individuals the plaintiffs have subpoenaed and noticed: (1) Rev. Mark Lewis, a defendant, (2) Rev. Raymond Fitzgerald, a nonparty province employee, (3) Rev. Vincent Orlando, a nonparty and the former principal of Strake Jesuit, and (4) Edgar Maresma, a nonparty and the former president of Strake Jesuit.

The Province and Lewis ("the Provincial defendants"), (Docket Entry No. 35), and Strake Jesuit, (Docket Entry No. 36), have separately filed motions to quash all four subpoenas. Doe has responded to both motions. (Docket Entry No. 40). Doe has also filed a separate motion for continuance, asking this court to delay in deciding on the summary judgment motion until Doe is able to take the depositions and supplement the record. (Docket Entry No. 38).

As the defendants argue, the subpoenas and notices sent to the three nonparties, Fitzgerald, Orlando, and Maresma do not comply with Rule 45. Doe has not responded to the defendants' Rule 45 arguments. Under Rule 45(a)(2)(B), only the district in which the deposition is to be taken has the power to issue a subpoena. FED. R. CIV. P. 45(a)(2)(B). The depositions of Orlando and Maresma are scheduled to take place in New Orleans under subpoenas issued by the Southern District of Texas. (Docket Entry No. 35, Exs. 2, 4). Under Rule 45(c)(3)(A)(ii), a nonparty cannot be required to travel more than 100 miles from the place he lives or works. FED. R. CIV. P. 45(c)(3)(A)(ii). Fitzgerald's deposition is scheduled to take place in Houston. (Docket Entry No. 35, Ex. 3). Fitzgerald lives and works in the New Orleans area, which is approximately 350 miles from Houston

The Fitzgerald, Orlando, and Maresma subpoenas are invalid for those reasons alone. But they suffer from other problems as well. Rule 45(b)(1) requires that subpoenas be served by "delivering a copy to the named person and, if the subpoena requires that persons attendance, tendering the fees for 1 day's attendance and the mileage allows by law." FED. R. CIV. P. 45(b)(1). None of these three subpoenas was delivered personally to the deponent. Orlando's and Maresma's were sent by certified mail, not personal delivery. (Docket Entry No. 35, Exs. 2, 4). Fitzgerald's was sent by certified mail as well, and it was sent to counsel for the Provincial defendants rather than to Fitzgerald himself. (*Id.*, Ex. 3). And there is no evidence in the record that the plaintiff provided the deponents with the fees or mileage required by the rule. The motions to quash the Fitzgerald, Orlando, and Maresma subpoenas are granted based on noncompliance with Rule 45.

Because Lewis is a party, the same rules do not invalidate his subpoena. But courts are obligated to limit discovery where "the burden or expense of the proposed discovery outweighs its

likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C)(iii). Doe asserts that he wants to question Lewis about the organizational relationship between the Province and Strake Jesuit. The Provincial defendants have submitted competent evidence that the Province does not own, operate, or control Strake Jesuit or have any involvement with hiring lay faculty at the school. (Docket Entry No. 18, Ex. 1). Doe's only argument for taking Lewis's deposition is based on statements on the Province's website, www.norprov.org. The website contains a mission statement setting out the Province's goals and a Frequently Asked Questions page listing, among other things, Strake Jesuit as one of the secondary schools in the Province. Neither page provides any substantive information about the relationship between the schools and the Province. Neither page provides a basis for taking Lewis's deposition. The motion to quash the subpoena for Lewis's deposition is granted.

The deposition subpoenas are quashed. Doe's motion for a continuance pending these depositions is denied, as is Doe's request for an expedited hearing.[1]

SIGNED on December 3, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[1] Dow has also filed a motion to compel production of documents it requested from the defendants and requested an expedited hearing on that motion. (Docket Entry No. 39). Because the time for the defendants to respond has not yet expired, the motion is not ripe.